1                     UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TENNESSEE
2                              GREENEVILLE

3
    UNITED STATES OF AMERICA,   .   DOCKET NO. CR-2-13-15
4                               .
            GOVERNMENT,          .
5                               .
                VS.             .   GREENEVILLE, TN
6                               .   DECEMBER 9, 2013
    LUCAS JORDAN CONERLY,       .   8:34 A.M.
7                               .
            DEFENDANT.          .
8                               .
    .   .   .   .   .   .   .   .   .   .
9

10

11          TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS
            BEFORE THE HONORABLE J. RONNIE GREER
12               UNITED STATES DISTRICT JUDGE

13

14   APPEARANCES:

15   FOR THE GOVERNMENT:      U.S. DEPARTMENT OF JUSTICE
                              OFFICE OF U.S. ATTORNEY
16                            HELEN C.T. SMITH, AUSA
                              220 WEST DEPOT STREET, SUITE 423
17                            GREENEVILLE, TN 37743

18   FOR THE DEFENDANT:       FEDERAL DEFENDER SERVICES OF
                              EASTERN TENNESSEE, INC.
19                            NIKKI C. PIERCE, ESQ.
                              219 WEST DEPOT STREET, SUITE 2
20                            GREENEVILLE, TN 37743

21

22   COURT REPORTER:          KAREN J. BRADLEY
                              RPR-RMR
23                            U.S. COURTHOUSE
                              220 WEST DEPOT STREET
24                            GREENEVILLE, TN 37743

25   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
     PRODUCED BY COMPUTER.

1    (CALL TO ORDER OF THE COURT AT 8:34 A.M.)

2         THE COURT:  GOOD MORNING.

3         MS. SMITH:  GOOD MORNING, JUDGE.

4         THE COURT:  ALL RIGHT.  MS. HOPSON, WOULD YOU

5    CALL THIS CASE, PLEASE.

6         THE CLERK:  USA VERSUS LUCAS JORDAN CONERLY,

7    CASE NUMBER CR-2-13-15.

8    (DEFENDANT SWORN)

9    EXAMINATION

10   BY THE COURT:

11   Q.   ALL RIGHT, MR. CONERLY, I'M GOING TO ALLOW YOU TO

12   REMAIN THERE AT THE TABLE, BUT -- THAT'S JUST ABOUT WHAT I

13   WAS ASKING YOU TO DO, MS. PIERCE.  IF YOU'LL SPEAK INTO

14   THE MICROPHONE PLEASE, SO WE CAN ALL HEAR YOU --

15   A.   OKAY.

16   Q.   -- ALL RIGHT.  ALL RIGHT.  MR. CONERLY, YOU HAVE

17   BEEN CHARGED IN A ONE COUNT INDICTMENT IN THIS CASE WITH A

18   VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 2422,

19   WHICH PROHIBITS THE USE OF A MEANS OF INTERSTATE COMMERCE

20   TO KNOWINGLY PERSUADE, INDUCE, ENTICE OR COERCE ANY

21   INDIVIDUAL UNDER THE AGE OF 18 TO ENGAGE IN ANY SEXUAL

22   ACTIVITY FOR WHICH YOU COULD BE CHARGED WITH A CRIME UNDER

23   STATE LAW.  IT IS MY UNDERSTANDING THAT YOU HAVE ENTERED

24   INTO A PLEA AGREEMENT WITH THE UNITED STATES IN THIS CASE

25   AND THAT PURSUANT TO THAT PLEA AGREEMENT YOU WISH TO

CHANGE YOUR PLEA THIS MORNING TO A PLEA OF GUILTY AS TO

THIS ONE COUNT INDICTMENT; IS THAT CORRECT?

  (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT AND

HIS ATTORNEY)

A. YES, SIR.

Q. ALL RIGHT.  BEFORE I CAN ACCEPT THAT GUILTY PLEA,

THERE ARE SEVERAL QUESTIONS I NEED TO ASK YOU TO ASSURE

THAT YOUR PLEA IS A VALID ONE.  IF YOU DO NOT UNDERSTAND

ANY QUESTION, PLEASE ASK ME TO EXPLAIN IT TO YOU, AND YOU

MAY CONFER WITH YOUR ATTORNEY ON ANY QUESTION IF YOU FIND

IT NECESSARY TO DO SO; DO YOU UNDERSTAND THAT?

A. YES, SIR.

Q. MR. CONERLY, DO YOU UNDERSTAND THAT YOU ARE NOW

UNDER OATH AND THAT IF YOU ANSWER ANY OF MY QUESTIONS

FALSELY, YOUR ANSWERS MAY BE USED AGAINST YOU IN ANOTHER

CRIMINAL PROSECUTION FOR PERJURY OR FOR MAKING A FALSE

STATEMENT?  IN OTHER WORDS, IF YOU LIE TO ME HERE THIS

MORNING, YOU CAN BE CHARGED WITH ANOTHER CRIMINAL OFFENSE;

DO YOU UNDERSTAND THAT?

A. YES, SIR.

Q. HOW OLD ARE YOU?

A. THIRTY-ONE.

Q. WHAT EDUCATION DO YOU HAVE?

A. AN ASSOCIATE OF APPLIED SCIENCE IN MANUFACTURING.

Q. ALL RIGHT.  NOW, I HAVE READ THE, BOTH THE

1   COMPETENCY AND THE SANITY EVALUATION REPORTS IN THIS CASE

2   AND I'VE READ JUDGE INMAN'S REPORT.  ARE YOU NOW CURRENTLY

3   BEING TREATED FOR ANY KIND OF MENTAL ILLNESS?

4   A.   YES, SIR, I AM.

5   Q.   ALL RIGHT, AND WHAT TREATMENT ARE YOU RECEIVING?

6   A.    I AM RECEIVING A 1 MILLIGRAM RISPERDAL PILL ONCE A

7   DAY AND A 500 MILLIGRAM DEPAKOTE PILL ONCE A DAY.

8   Q.   ALL RIGHT.

9   A.    BOTH OF THE EVENING.

10  Q.   ALL RIGHT.  AND HAVE YOU BEEN RECEIVING THOSE ON THE

11  SCHEDULE THAT YOU WERE SUPPOSED TO RECEIVE THEM?

12  A.   YES, SIR.

13  Q.   AND HAVE YOU TAKEN THEM AS PRESCRIBED?

14  A.   YES, SIR, AS ALWAYS.

15  Q.   ALL RIGHT.  ARE YOU NOW BEING TREATED OR HAVE YOU

16  RECENTLY BEEN TREATED FOR ANY KIND OF DRUG ADDICTION?

17  A.   NO, SIR.

18  Q.    IS THERE ANYTHING THIS MORNING ABOUT YOUR MENTAL OR

19  PHYSICAL CONDITION WHICH WOULD MAKE IT DIFFICULT FOR YOU

20  TO UNDERSTAND THESE PROCEEDINGS, TO THINK CLEARLY OR TO

21  MAKE GOOD DECISIONS ABOUT YOUR CASE?

22  A.   NO, I FEEL VERY COMPETENT.

23  Q.   ALL RIGHT.  HAVE YOU TAKEN ANY DRUGS, MEDICINE,

24  PILLS OR ALCOHOLIC BEVERAGE OF ANY KIND IN THE LAST 24

25  HOURS OTHER THAN THESE TWO MEDICATIONS YOU JUST TOLD ME

1   ABOUT?

2   A.    NO, SIR.

3   Q.    ARE YOU EXPERIENCING ANY SIDE EFFECTS AS THE RESULT

4   OF TAKING THOSE MEDICATIONS WHICH WOULD INTERFERE IN ANY

5   WAY WITH YOUR ABILITY TO UNDERSTAND THESE PROCEEDINGS OR

6   TO THINK CLEARLY HERE TODAY?

7   A.    NO, SIR.

8   Q.    AND DO YOU IN FACT UNDERSTAND WHAT'S HAPPENING HERE

9   THIS MORNING?

10  A.    YES, SIR.

11         THE COURT:  MS. PIERCE, DO YOU CONSIDER THE

12  DEFENDANT COMPETENT TO ENTER A PLEA OF GUILTY HERE TODAY?

13         MS. PIERCE:  I DO, YOUR HONOR.

14  BY THE COURT:

15  Q.    NOW, MR. CONERLY, HAVE YOU RECEIVED A COPY OF THE

16  INDICTMENT RETURNED BY THE GRAND JURY IN THIS CASE?

17         (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT AND

18  HIS ATTORNEY)

19  A.    YES.

20  Q.    HAVE YOU READ THE INDICTMENT?

21  A.    YES, SIR.

22  Q.    HAVE YOU HAD SUFFICIENT TIME TO DISCUSS THIS CASE

23  WITH YOUR ATTORNEY?

24  A.    YES, SIR.

25  Q.    HAVE YOU TOLD YOUR LAWYER EVERYTHING YOU KNOW ABOUT

1  THIS CASE?

2  A.    YES, SIR.

3  Q.    DO YOU BELIEVE THAT YOUR LAWYER IS FULLY AWARE OF

4  ALL THE FACTS UPON WHICH THIS CHARGE IS BASED?

5  A.    YES, SIR.

6  Q.    HAS YOUR LAWYER ADVISED YOU AS TO THE NATURE AND

7  MEANING OF THE CHARGE AGAINST YOU?

8  A.    YES, SIR.

9  Q.    HAS YOUR LAWYER ADVISED YOU OR EXPLAINED TO YOU THE

10  MEANING OF ALL WORDS USED IN THIS INDICTMENT ABOUT WHICH

11  YOU HAD ANY QUESTION?  IN OTHER WORDS, IF THERE WERE WORDS

12  IN THIS INDICTMENT THAT YOU DID NOT FULLY UNDERSTAND, HAS

13  MS. PIERCE EXPLAINED THOSE TO YOU?

14  A.    YES, SIR.

15  Q.    HAS YOUR ATTORNEY ADVISED YOU AS TO EACH AND EVERY

16  ELEMENT OF THIS OFFENSE WHICH THE GOVERNMENT MUST PROVE

17  BEYOND A REASONABLE DOUBT IN ORDER TO OBTAIN A CONVICTION

18  AGAINST YOU IN THIS CASE?

19  A.    YES, SIR.

20  Q.    NOW, AS I INDICATED TO YOU, THE INDICTMENT RETURNED

21  BY THE GRAND JURY IN THIS CASE IS A ONE COUNT INDICTMENT.

22  THE INDICTMENT CHARGES A VIOLATION OF TITLE 18, UNITED

23  STATES CODE, SECTION 2422(B).  THAT STATUTE READS AS

24  FOLLOWS, MR. CONERLY, "WHOEVER, USING THE MAIL OR ANY

25  FACILITY OR MEANS OF INTERSTATE OR FOREIGN COMMERCE, OR

WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION
OF THE UNITED STATES KNOWINGLY PERSUADES, INDUCES, ENTICES
OR COERCES ANY INDIVIDUAL WHO HAS NOT ATTAINED THE AGE OF
18 YEARS, TO ENGAGE IN ANY SEXUAL ACTIVITY FOR WHICH ANY
PERSON CAN BE CHARGED WITH A CRIMINAL OFFENSE, OR ATTEMPTS
TO DO SO, SHALL BE FINED UNDER THIS TITLE AND IMPRISONED
FOR NOT LESS THAN 10 YEARS OR FOR LIFE."  DO YOU
UNDERSTAND THAT THAT'S WHAT THE STATUTE PROHIBITS?

A.    YES, SIR.

Q.    NOW, THE INDICTMENT IN THIS CASE, WHICH IS A ONE
COUNT INDICTMENT, READS AS FOLLOWS:

            INTRODUCTION.

            AT ALL TIMES MATERIAL TO THIS INDICTMENT:

            1. DEFENDANT LUCAS JORDAN CONERLY OPERATED
TELEPHONES FROM HIS RESIDENCE LOCATED AT 273 PINESPUR
ROAD, BLOUNTVILLE, TENNESSEE AND AT OTHER LOCATIONS IN THE
EASTERN DISTRICT OF TENNESSEE WITH TELEPHONE SERVICE
PROVIDED BY CELLCO PARTNERSHIP DOING BUSINESS AS VERIZON
WIRELESS.

            2. DEFENDANT LUCAS JORDAN CONERLY UTILIZED A
PERSONAL COMMUNICATION SERVICE MADE AVAILABLE BY HIS
TELEPHONE SERVICE PROVIDER, WHICH ALLOWED THE DEFENDANT TO
COMMUNICATE WITH OTHER TELEPHONE USERS VIA THE WIRELESS
TRANSMISSION OF SIGNALS, THROUGH THE USE OF ELECTRONIC
MAIL MESSAGES, INSTANT MESSAGES, TEXT MESSAGES, AND VOICE

1    COMMUNICATIONS.

2              AND, 3. THE WIRELESS TELEPHONE COMMUNICATIONS

3    SYSTEM IS A MEANS OF INTERSTATE COMMERCE.

4              COUNT ONE.

5              1. PARAGRAPHS 1 THROUGH 3 FROM THE PRECEDING

6    INTRODUCTION ARE REALLEGED AND INCORPORATED AS FULLY SET

7    FORTH HEREIN.

8              2. THE GRAND JURY CHARGES THAT FROM ON OR ABOUT

9    NOVEMBER 1, 2012 TO ON OR ABOUT JANUARY 19, 2013, IN THE

10   EASTERN DISTRICT OF TENNESSEE, LUCAS JORDAN CONERLY USED A

11   FACILITY OR A MEANS OF INTERSTATE COMMERCE TO KNOWINGLY

12   PERSUADE, INDUCE, ENTICE, OR COERCE AN INDIVIDUAL WHO HAS

13   NOT ATTAINED THE AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY

14   FOR WHICH ANY PERSON CAN BE CHARGED WITH A CRIMINAL

15   OFFENSE, OR ATTEMPTED TO KNOWINGLY PERSUADE, INDUCE,

16   ENTICE, OR COERCE AN INDIVIDUAL WHO HAS NOT ATTAINED THE

17   AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY FOR WHICH ANY

18   PERSON CAN BE CHARGED WITH A CRIMINAL OFFENSE IN VIOLATION

19   OF TITLE 18, UNITED STATES CODE, SECTION 2422(B).

20             DO YOU UNDERSTAND THAT THAT'S WHAT YOU'RE

21   CHARGED WITH IN THIS INDICTMENT?

22        (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT AND

23   HIS ATTORNEY)

24   A.    YES, SIR.

25   Q.    NOW, MR. CONERLY, BEFORE YOU COULD BE CONVICTED OF

THAT OFFENSE THERE ARE CERTAIN THINGS THE UNITED STATES
WOULD HAVE TO PROVE AT A TRIAL.  THERE ARE CERTAIN
ELEMENTS OF THE OFFENSE, IN OTHER WORDS, THAT THE
GOVERNMENT WOULD BE REQUIRED TO PROVE AT TRIAL BEYOND A
REASONABLE DOUBT.  DO YOU UNDERSTAND THAT BEFORE YOU COULD
BE CONVICTED OF THIS OFFENSE THE UNITED STATES WOULD BE
REQUIRED TO PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A
REASONABLE DOUBT:  FIRST, THAT YOU KNOWINGLY USED A MEANS
OF INTERSTATE COMMERCE, THAT IS CELLULAR TELEPHONES AND
INTERNET-BASED SOCIAL MEDIA, TO PERSUADE, INDUCE, ENTICE,
OR COERCE OR TO ATTEMPT TO PERSUADE, INDUCE, ENTICE, OR
COERCE AN INDIVIDUAL UNDER THE AGE OF 18 TO ENGAGE IN
SEXUAL ACTIVITY AS CHARGED IN THE INDICTMENT; SECOND, THAT
YOU BELIEVED THAT SUCH INDIVIDUAL WAS LESS THAN 18 YEARS
OF AGE; THIRD, THAT IF THE SEXUAL ACTIVITY HAD OCCURRED,
YOU COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE UNDER
THE LAW OF TENNESSEE; AND, FOURTH, THAT YOU ACTED KNOW-
INGLY AND WILLFULLY.  DO YOU UNDERSTAND THE GOVERNMENT
WOULD HAVE TO PROVE ALL THOSE THINGS BEYOND A REASONABLE
DOUBT BEFORE YOU COULD BE CONVICTED OF THIS OFFENSE?

(OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT AND
HIS ATTORNEY)

A.    YES, SIR.

THE COURT:  MS. PIERCE, HAVE YOU DISCUSSED ANY
POSSIBLE DEFENSES THAT MIGHT BE AVAILABLE FOR THIS CHARGE

1   WITH MR. CONERLY?

2          MS. PIERCE:  I HAVE, YOUR HONOR.

3   BY THE COURT:

4   Q.    IS THAT CORRECT, MR. CONERLY?

5   A.    YES, SIR.

6   Q.    NOW, MR. CONERLY, I UNDERSTAND THERE IS A PLEA

7   AGREEMENT IN THIS CASE.  IT'S NOW BEEN FILED WITH THE

8   COURT.  HAVE YOU READ THIS PLEA AGREEMENT?

9   A.    UNFORTUNATELY, SIR, YES.

10  Q.    AND HAS YOUR ATTORNEY EXPLAINED TO YOU ALL THE TERMS

11  AND CONDITIONS OF THE PLEA AGREEMENT YOU'VE MADE WITH THE

12  UNITED STATES?

13  A.    YES.

14  Q.    DO YOU FULLY UNDERSTAND ALL THE TERMS AND CONDITIONS

15  OF THIS AGREEMENT YOU'VE MADE WITH THE GOVERNMENT?

16  A.    YES, SIR.

17  Q.    AND IS THIS YOUR SIGNATURE ON THIS PLEA AGREEMENT

18  THAT'S BEEN FILED WITH THE COURT?

19  A.    YES, IT IS, SIR.

20  Q.    ARE YOU SATISFIED WITH YOUR LAWYER'S REPRESENTATION

21  OF YOU IN THIS CASE?

22  A.    YES, SIR.

23          THE COURT:  MS. PIERCE, ARE YOU SATISFIED THAT

24  MR. CONERLY UNDERSTANDS THIS CHARGE, THE ELEMENTS OF THE

25  OFFENSE CHARGED AND THE LEGAL MEANING OF ALL WORDS USED IN

1   THE INDICTMENT?

2           MS. PIERCE:  YES, YOUR HONOR.

3   BY THE COURT:

4   Q.   NOW, MR. CONERLY, BY ENTERING A PLEA OF GUILTY HERE

5   TODAY IF THAT PLEA IS ACCEPTED BY THE COURT, YOU WILL

6   WAIVE OR GIVE UP CERTAIN RIGHTS THAT YOU WOULD OTHERWISE

7   HAVE HAD AS A CRIMINAL DEFENDANT IN THIS CASE.  I NEED TO

8   ASK YOU A SERIES OF QUESTIONS TO MAKE SURE THAT YOU

9   UNDERSTAND WHAT YOU ARE GIVING UP BY ENTERING THIS GUILTY

10  PLEA HERE THIS MORNING.

11          FIRST OF ALL, MR. CONERLY, DO YOU UNDERSTAND

12  THAT YOU HAVE A RIGHT TO PLEAD NOT GUILTY TO ANY OFFENSE

13  CHARGED AGAINST YOU AND TO PERSIST IN THAT NOT GUILTY

14  PLEA?

15  A.   YES, SIR.

16  Q.   DO YOU UNDERSTAND THAT YOU WOULD THEN HAVE THE RIGHT

17  TO A TRIAL BY JURY?

18  A.   YES, SIR.

19  Q.   DO YOU UNDERSTAND THAT DURING THAT JURY TRIAL YOU

20  WOULD HAVE THE RIGHT TO THE ASSISTANCE OF COUNSEL, THAT IS

21  AN ATTORNEY FOR YOUR DEFENSE, AN ATTORNEY APPOINTED BY THE

22  COURT AND PAID FOR BY THE GOVERNMENT IF YOU COULD NOT

23  AFFORD TO HIRE YOUR OWN ATTORNEY?

24  A.   YES, SIR.

25  Q.   DO YOU UNDERSTAND THAT DURING THAT TRIAL YOU WOULD

1  HAVE A RIGHT TO SEE AND HEAR THE GOVERNMENT'S WITNESSES

2  AGAINST YOU AND HAVE THOSE WITNESSES CROSS-EXAMINED BY

3  YOUR ATTORNEY IN YOUR DEFENSE?

4  A.    YES, SIR.

5  Q.    DO YOU UNDERSTAND THAT YOU WOULD HAVE THE RIGHT ON

6  YOUR OWN PART NOT TO TESTIFY AT TRIAL UNLESS YOU CHOSE TO

7  DO SO IN YOUR OWN DEFENSE?

8  A.    YES, SIR.

9  Q.    DO YOU UNDERSTAND THAT YOU WOULD HAVE THE RIGHT TO

10 THE ISSUANCE OF SUBPOENAS OR COURT ORDERS TO COMPEL THE

11 ATTENDANCE OF WITNESSES, EVEN UNWILLING WITNESSES, TO

12 APPEAR AT TRIAL AND TESTIFY ON YOUR BEHALF?

13 A.    YES, SIR.

14 Q.    NOW, VERY IMPORTANTLY, MR. CONERLY, DO YOU

15 UNDERSTAND THAT BY ENTERING A PLEA OF GUILTY HERE TODAY,

16 IF THAT PLEA IS ACCEPTED BY THE COURT, THERE WILL BE NO

17 TRIAL IN YOUR CASE?

18 A.    YES, SIR.

19 Q.    AND DO YOU UNDERSTAND THAT BY ENTERING A PLEA OF

20 GUILTY HERE TODAY, YOU WILL HAVE WAIVED OR GIVEN UP THE

21 RIGHT TO A TRIAL OF ANY KIND, AS WELL AS ALL THESE OTHER

22 RIGHTS ASSOCIATED WITH A TRIAL THAT I HAVE JUST DESCRIBED

23 TO YOU?

24 A.    YES, SIR.

25 Q.    DO YOU UNDERSTAND THAT YOU WILL ALSO BE GIVING UP

1  THE RIGHT NOT TO BE COMPELLED TO INCRIMINATE YOURSELF IN

2  THIS CASE?

3  A.    YES, SIR.

4  Q.    AND DO YOU UNDERSTAND THAT YOU WILL BE GIVING UP THE

5  RIGHT TO REQUIRE THE UNITED STATES TO PROVE YOU GUILTY

6  BEYOND A REASONABLE DOUBT?

7  A.    YES, SIR.

8  Q.    HAS ANY PERSON, INCLUDING AN OFFICER OR AGENT OF THE

9  GOVERNMENT, PUT ANY PRESSURE ON YOU MENTALLY OR PHYSICALLY

10 TO FORCE YOU TO PLEAD GUILTY IN THIS CASE?  IN OTHER

11 WORDS, MR. CONERLY, IS IT YOUR FREE AND VOLUNTARY DECISION

12 TO PLEAD GUILTY IN THIS CASE?

13 A.    I FELT SOMEWHAT INTIMIDATED UNDER THE CIRCUMSTANCES,

14 BUT I FEEL THAT I'M MAKING THE BEST RASH DECISION THAT I

15 CAN.

16 Q.    ALL RIGHT.  HAS YOUR DECISION BEEN FREE OF ANY KIND

17 OF FORCE OR THREATS, EITHER MENTAL OR PHYSICAL, BY ANY

18 OTHER PERSON?

19 A.    NO, SIR.

20 Q.    IT'S NOT.  HAS SOMEBODY THREATENED YOU?

21 A.    NO.

22 Q.    HAS ANYBODY FORCED YOU TO ENTER THIS GUILTY PLEA?

23 A.    NO, SIR.

24 Q.    THEN, AGAIN, BASED ON ALL THOSE CIRCUMSTANCES, IS IT

25 YOUR FREE AND VOLUNTARY DECISION TO ENTER THIS GUILTY

1    PLEA?

2    A.    YES, SIR.

3    Q.    NOW, MR. CONERLY, I AM AWARE THAT THE GOVERNMENT HAS

4    MADE CERTAIN PROMISES TO YOU IN THIS PLEA AGREEMENT; BUT

5    ASIDE FROM ANY PROMISE CONTAINED IN THE PLEA AGREEMENT HAS

6    ANY OFFICER OR AGENT OF THE GOVERNMENT PROMISED YOU OR

7    SUGGESTED TO YOU THAT YOU WILL RECEIVE A LIGHTER SENTENCE

8    OR ANY OTHER FORM OF LENIENCY IF YOU PLEAD GUILTY?

9    A.    NO, SIR.

10   Q.    ONCE AGAIN, ASIDE FROM ANY PROMISES CONTAINED IN

11   THIS PLEA AGREEMENT, HAVE ANY PROMISES OR THREATS OF ANY

12   KIND BEEN MADE BY ANYONE TO INDUCE YOU TO PLEAD GUILTY IN

13   THIS CASE?

14   A.    NO, SIR.

15   Q.    ALL RIGHT.  I NOW STATE FOR THE RECORD THAT THE

16   COURT WILL REVIEW THE PLEA AGREEMENT IN THIS CASE.  I

17   ADVISE BOTH COUNSEL AND THE DEFENDANT THAT I AM NOT

18   REQUIRED TO ACCEPT THIS PLEA AGREEMENT AND THAT I WILL

19   DEFER MY DECISION ON WHETHER OR NOT TO ACCEPT OR REJECT

20   THE PLEA AGREEMENT UNTIL AFTER I HAVE RECEIVED A

21   PRESENTENCE REPORT FROM THE UNITED STATES PROBATION

22   OFFICE; HOWEVER, IF I DO REJECT THE PLEA AGREEMENT, YOU

23   WILL BE SO ADVISED HERE IN OPEN COURT AND I WILL PERMIT

24   YOU TO WITHDRAW YOUR GUILTY PLEA; DO YOU UNDERSTAND THAT?

25   A.    YES, SIR.

1   Q.   NOW, MR. CONERLY, BEFORE I CAN ACCEPT THIS GUILTY

2   PLEA HERE TODAY, ONE OF THE THINGS I'M REQUIRED TO DO IS

3   TO DETERMINE THAT THERE IS WHAT'S CALLED AN ADEQUATE

4   FACTUAL BASIS FOR THE GUILTY PLEA.  IN OTHER WORDS, I NEED

5   TO DETERMINE THAT YOU HAVE ADMITTED SUFFICIENT FACTS FROM

6   WHICH THE COURT CAN FIND BEYOND A REASONABLE DOUBT THAT

7   YOU HAVE IN FACT COMMITTED THIS OFFENSE.

8           NOW, IT APPEARS THAT YOU HAVE ENTERED INTO A

9   STIPULATION OR AN AGREEMENT AS TO CERTAIN FACTS, AND THAT

10  STIPULATION IS CONTAINED IN YOUR PLEA AGREEMENT AT

11  PARAGRAPH 3.  MR. CONERLY, YOU'VE ALREADY TOLD ME YOU'VE

12  READ THIS ENTIRE PLEA AGREEMENT, BUT DID YOU READ

13  PARAGRAPH 3 CONTAINING THIS STIPULATION OF FACTS VERY

14  CAREFULLY?

15      (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT AND

16  HIS ATTORNEY)

17  A.   YES, SIR.

18  Q.   DID YOU REVIEW THIS STIPULATION OF FACTS CAREFULLY

19  WITH YOUR ATTORNEY?

20  A.   YES.

21  Q.   DO YOU AGREE WITH THE SUMMARY OF WHAT YOU DID IN

22  THIS CASE THAT'S SET OUT IN PARAGRAPH 3 OF YOUR PLEA

23  AGREEMENT?

24  A.   YES, SIR.

25  Q.   ARE ALL OF THE FACTS CONTAINED IN PARAGRAPH 3 OF

1    THIS PLEA AGREEMENT TRUE?

2    A.    YES, SIR.

3    Q.    AND DO YOU STIPULATE HERE THIS MORNING UNDER OATH

4    THAT THE FACTS CONTAINED IN PARAGRAPH 3 OF THIS PLEA

5    AGREEMENT ARE TRUE AND CORRECT?

6    A.    YES, SIR.

7    Q.    MR. CONERLY, I ALSO NOTE HERE FROM THE PLEA

8    AGREEMENT THAT YOU HAVE AGREED WITH THE UNITED STATES THAT

9    THESE STIPULATED FACTS DO NOT NECESSARILY CONSTITUTE ALL

10    OF THE FACTS IN THIS CASE; DO YOU UNDERSTAND THAT?

11    A.    YES.

12    Q.    FOR INSTANCE, THIS PLEA AGREEMENT DOES NOT PROVIDE

13    THE COURT WITH ANY OF THE DETAILS OF THESE, THESE EVENTS;

14    DO YOU UNDERSTAND THAT?

15    A.    YES, SIR.

16    Q.    DO YOU UNDERSTAND THAT THERE MAY BE OTHER FACTS

17    RELEVANT TO SENTENCING WHICH THE COURT WILL CONSIDER AT

18    THE TIME OF YOUR SENTENCING IN THIS CASE?

19    A.    YES, SIR.

20    Q.    IN OTHER WORDS, MR. CONERLY, DO YOU UNDERSTAND THAT

21    WHEN THE TIME COMES FOR THE COURT TO DECIDE ON AN

22    APPROPRIATE SENTENCE IN THIS CASE, I MAY CONSIDER THESE

23    OTHER FACTS THAT ARE NOT STATED HERE IN DETERMINING THE

24    SENTENCE TO BE IMPOSED?

25    A.    YES, SIR.

Q.    ALL RIGHT, MR. CONERLY, HOW DO YOU PLEAD THEN AS TO

COUNT ONE OF THIS INDICTMENT, WHICH CHARGES YOU WITH USING

A FACILITY OR MEANS OF INTERSTATE COMMERCE TO KNOWINGLY

PERSUADE, INDUCE, ENTICE, OR COERCE AN INDIVIDUAL WHO HAS

NOT ATTAINED THE AGE OF 18 TO ENGAGE IN SEXUAL ACTIVITY

FOR WHICH ANY PERSON CAN BE CHARGED WITH AN OFFENSE OR

KNOWING -- OR A KNOWING ATTEMPT TO DO THE SAME, IN

VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 22,

EXCUSE ME, 2422(B), DO YOU PLEAD GUILTY OR NOT GUILTY?

A.    GUILTY, YOUR HONOR.

Q.    DO YOU UNDERSTAND WHAT IT IS YOU'RE PLEADING GUILTY

TO?

A.    YES, SIR, YOUR HONOR.

Q.    AND, VERY IMPORTANTLY, MR. CONERLY, ARE YOU OFFERING

TO PLEAD GUILTY BECAUSE YOU ARE IN FACT GUILTY?

A.    YES, SIR.

         THE COURT:  MS. SMITH, WILL THE GOVERNMENT

PLEASE ADVISE THE DEFENDANT AS TO THE MAXIMUM POSSIBLE

PENALTY PROVIDED BY THE LAW FOR THIS OFFENSE, AS WELL AS

ANY MANDATORY MINIMUM SENTENCE HE FACES?

         MS. SMITH:  CERTAINLY, YOUR HONOR.

         THE MAXIMUM PENALTY TO WHICH THE DEFENDANT WILL

BE EXPOSED BY VIRTUE OF HIS GUILTY PLEA IS A MINIMUM

MANDATORY TERM OF IMPRISONMENT OF 10 YEARS AND A MAXIMUM

TERM OF IMPRISONMENT OF LIFE, FINE OF $500,000, A TERM OF

1   SUPERVISED RELEASE OF UP TO LIFE AND A MANDATORY

2   ASSESSMENT OF $100.

3           THE COURT:  THANK YOU, MS. SMITH.

4   BY THE COURT:

5   Q.    MR. CONERLY, FIRST OF ALL, DO YOU UNDERSTAND THAT

6   THAT IS THE MAXIMUM SENTENCE THE COURT CAN IMPOSE IN THIS

7   CASE?

8   A.    YES, SIR.

9   Q.    AND, VERY IMPORTANTLY, DO YOU UNDERSTAND THAT

10  FEDERAL LAW REQUIRES THE COURT TO IMPOSE AT LEAST A 10

11  YEAR MANDATORY MINIMUM TERM OF IMPRISONMENT IN THIS

12  CASE?

13  A.    YES, SIR.

14  Q.    DO YOU UNDERSTAND THAT ABSENT A GOVERNMENT MOTION

15  FOR DOWNWARD DEPARTURE OR SOME OTHER EXTRAORDINARY

16  CIRCUMSTANCE IN THIS CASE, THIS COURT WILL NOT HAVE ANY

17  DISCRETION TO IMPOSE ANY SENTENCE LESS THAN THAT 10 YEAR

18  MANDATORY MINIMUM?

19      (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT AND

20  HIS ATTORNEY)

21  A.    YES, SIR.

22  Q.    DO YOU ALSO UNDERSTAND, MR. CONERLY, THAT FEDERAL

23  LAW AUTHORIZES THE COURT TO PLACE YOU ON SUPERVISED

24  RELEASE, THAT IS UNDER THE SUPERVISION OF A PROBATION

25  OFFICER EMPLOYED BY THIS COURT, FOR LIFE, THAT IS FOR THE

1    REMAINDER OF YOUR LIFE AFTER YOU HAVE SERVED THE NECESSARY

2    TERM OF IMPRISONMENT?

3    A.    YES, SIR.

4    Q.    DO YOU ALSO UNDERSTAND THAT IN APPROPRIATE CASES THE

5    COURT MUST ORDER RESTITUTION AND THAT CERTAIN OF YOUR

6    PROPERTY COULD BE SUBJECT TO FORFEITURE BECAUSE OF YOUR

7    GUILTY PLEA?

8    A.    YES, SIR.

9    Q.    IF YOUR PLEA IS ACCEPTED, YOU WILL BE ADJUDGED

10   GUILTY OF A FELONY.  THIS WILL CAUSE YOU TO LOSE CERTAIN

11   VALUABLE CIVIL RIGHTS; SUCH AS, THE RIGHT TO VOTE, THE

12   RIGHT TO HOLD PUBLIC OFFICE, THE RIGHT TO SERVE ON A JURY

13   AND THE RIGHT TO POSSESS ANY KIND OF FIREARMS.  KNOWING

14   THOSE ADDITIONAL PENALTIES, DO YOU STILL WANT TO PLEAD

15   GUILTY HERE TODAY?

16   A.    YES, SIR.

17          THE COURT:  MS. SMITH, HAS THE DEFENDANT WAIVED

18   ANY APPEAL RIGHTS OR RIGHTS TO FILE A SECTION 2255 MOTION

19   IN THIS PLEA AGREEMENT?

20          MS. SMITH:  YES, HE HAS, YOUR HONOR.

21          PURSUANT TO PARAGRAPH 9 OF THE PLEA AGREEMENT,

22   IN CONSIDERATION OF THE CONCESSIONS MADE BY THE UNITED

23   STATES IN THIS AGREEMENT, AND AS A FURTHER DEMONSTRATION

24   OF THE DEFENDANT'S ACCEPTANCE OF RESPONSIBILITY FOR THE

25   OFFENSE COMMITTED, MR. CONERLY AGREES NOT TO FILE A DIRECT

1   APPEAL OF HIS CONVICTION OR SENTENCE, EXCEPT HE HAS

2   RETAINED THE RIGHT TO APPEAL A SENTENCE IMPOSED ABOVE THE

3   SENTENCING GUIDELINE RANGE OR ANY APPLICABLE MANDATORY

4   MINIMUM SENTENCE, WHICHEVER IS GREATER, AS DETERMINED BY

5   THE DISTRICT COURT.

6             IN ADDITION, MR. CONERLY KNOWINGLY AND

7   VOLUNTARILY WAIVES THE RIGHT TO FILE ANY MOTIONS OR

8   PLEADINGS PURSUANT TO 28 U.S. CODE SECTION 2255, OR TO

9   COLLATERALLY ATTACK HIS CONVICTION AND/OR RESULTING

10  SENTENCE.

11            THE PARTIES AGREE THAT MR. CONERLY RETAINS THE

12  RIGHT TO RAISE BY WAY OF COLLATERAL REVIEW UNDER SECTION

13  2255 CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL OR

14  PROSECUTORIAL MISCONDUCT WHICH ARE NOT KNOWN TO THE

15  DEFENDANT BY THE TIME OF THE ENTRY OF JUDGMENT.

16            THE COURT:  THANK YOU, MS. SMITH.

17  BY THE COURT:

18  Q.    MR. CONERLY, DO YOU UNDERSTAND THAT UNDER YOUR PLEA

19  AGREEMENT WITH THE GOVERNMENT YOU HAVE EXPRESSLY WAIVED

20  RIGHTS TO APPEAL OR TO COLLATERALLY ATTACK YOUR

21  SENTENCE -- YOUR CONVICTION OR THE RESULTING SENTENCE IN

22  THIS CASE AS JUST STATED BY THE UNITED STATES ATTORNEY AND

23  AS SET OUT IN PARAGRAPH 9 OF YOUR PLEA AGREEMENT?

24        (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT AND

25  HIS ATTORNEY)

1  A.    YES, SIR.

2  Q.    AND DID YOU REVIEW THESE WAIVERS OF YOUR RIGHTS TO

3  APPEAL OR TO COLLATERALLY ATTACK YOUR CONVICTION OR

4  SENTENCE WITH YOUR ATTORNEY?

5  A.    YES, SIR.

6  Q.    HAVE YOU AND YOUR ATTORNEY FULLY DISCUSSED THESE

7  WAIVERS OF YOUR RIGHTS TO APPEAL AND YOUR RIGHT TO

8  COLLATERALLY ATTACK YOUR CONVICTION OR THE RESULTING

9  SENTENCE?  IN OTHER WORDS, HAS SHE ANSWERED ALL OF YOUR

10  QUESTIONS ABOUT THESE WAIVERS?

11  A.    YES, SIR.

12  Q.    AND DO YOU FULLY UNDERSTAND THE WAIVER PROVISION OF

13  THIS PLEA AGREEMENT?

14  A.    YES, SIR.

15  Q.    MR. CONERLY, UNDER THE SENTENCING REFORM ACT OF

16  1984, THE UNITED STATES SENTENCING COMMISSION HAS ISSUED

17  SENTENCING GUIDELINES FOR JUDGES TO CONSIDER IN DETERMIN-

18  ING SENTENCES IN CRIMINAL CASES.  THE USE OF THESE

19  SENTENCING GUIDELINES IS NO LONGER MANDATORY, THEY ARE

20  ADVISORY SENTENCING GUIDELINES ONLY; HOWEVER, YOUR

21  ADVISORY GUIDELINE SENTENCING RANGE IS ONE OF THE FACTORS

22  THE COURT MUST CONSIDER IN DETERMINING AN APPROPRIATE

23  SENTENCE IN YOUR CASE.  HAVE YOU AND YOUR ATTORNEY TALKED

24  ABOUT HOW THESE ADVISORY GUIDELINES MIGHT APPLY TO YOUR

25  CASE?

1    A.    A LITTLE BIT, YES.

2              THE COURT:  MS. PIERCE, WILL YOU TELL ME WHAT

3    DISCUSSION YOU'VE HAD WITH MR. CONERLY IN THAT RESPECT?

4              MS. PIERCE:  YES, YOUR HONOR.  I HAVE REVIEWED

5    WITH HIM AND EXPLAINED TO HIM THAT OUR ESTIMATION IS THAT

6    THE GUIDELINES MAY FALL, AND I THINK VERY LIKELY WILL

7    FALL, BELOW THE 10 YEAR MANDATORY MINIMUM.  SO I THINK

8    THAT'S WHAT HE'S REFERENCING IS THAT THIS CASE IS ONE

9    WHERE THE STATUTORY MANDATORY MINIMUM WILL LIKELY TRUMP

10   THE GUIDELINES, AND, THEREFORE, THE 10 YEAR MANDATORY

11   MINIMUM IS WHAT WILL, I THINK, APPLY.

12             THE COURT:  ALL RIGHT.  THANK YOU.

13   BY THE COURT:

14   Q.    NOW, IS THAT CORRECT, MR. CONERLY?

15   A.    YES, SIR.

16   Q.    NOW, AS WE WILL TALK HERE IN JUST A MINUTE, THERE

17   ARE A WHOLE HOST OF FACTORS THAT GO INTO CALCULATING YOUR

18   ADVISORY GUIDELINE RANGE.  WHAT MS. PIERCE HAS TOLD ME IS

19   THAT BASED ON HER REVIEW OF THIS CASE, BASED ON HER

20   ESTIMATES IN THE CASE, IT APPEARS THAT YOUR ADVISORY

21   GUIDELINE RANGE WILL BE BELOW THE 10 YEAR MANDATORY

22   MINIMUM SENTENCE.  NOW, I DON'T KNOW WHETHER THAT'S

23   CORRECT OR NOT, I WON'T BE ABLE TO DETERMINE THAT UNTIL

24   AFTER I GET A PRESENTENCE REPORT.

25             DO YOU UNDERSTAND THAT IF YOUR GUIDELINE RANGE

1   IN FACT IS BELOW THE STATUTORY MANDATORY MINIMUM OF 10

2   YEARS, THEN 10 YEARS BECOMES YOUR GUIDELINE RANGE?

3   A.    YES, SIR.

4   Q.    AND AS I JUST SAID, DO YOU UNDERSTAND THAT THE COURT

5   CAN'T DETERMINE THE ADVISORY GUIDELINE RANGE WHICH APPLIES

6   TO YOUR CASE UNTIL AFTER A PRESENTENCE REPORT IS COMPLETED

7   BY THE UNITED STATES PROBATION OFFICE?

8   A.    YES, SIR.

9   Q.    DO YOU UNDERSTAND THAT AFTER THAT REPORT IS COM-

10  PLETED, IT WILL BE DISCLOSED TO YOU AND TO THE GOVERNMENT

11  AND YOU WILL HAVE THE OPPORTUNITY TO OBJECT TO ANY OF THE

12  MATTERS OR ANY OF THE MATERIALS SET OUT IN THE PRESENTENCE

13  REPORT?

14  A.    YES, SIR.

15  Q.    AND DO YOU UNDERSTAND THAT BECAUSE THE COURT CANNOT

16  AT THIS TIME DETERMINE THE ADVISORY GUIDELINE RANGE WHICH

17  APPLIES TO YOUR CASE, THE COURT ALSO CANNOT DETERMINE THE

18  APPROPRIATE SENTENCE TO BE ENTERED IN THE CASE?

19  A.    YES, SIR.

20  Q.    NOW, MR. CONERLY, IN ADDITION TO CONSIDERING YOUR

21  ADVISORY GUIDELINE RANGE, THERE ARE A NUMBER OF OTHER

22  FACTORS THE COURT IS REQUIRED TO CONSIDER BEFORE DECIDING

23  ON AN APPROPRIATE SENTENCE IN THE CASE.  THESE OTHER

24  FACTORS ARE LISTED AT TITLE 18, UNITED STATES CODE,

25  SECTION 3553(A), AND THEY INCLUDE:  THE NATURE AND CIRCUM-

1    STANCES OF THE OFFENSE; YOUR HISTORY AND CHARACTERISTICS;

2    THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUS-

3    NESS OF THE OFFENSE; TO PROMOTE RESPECT FOR THE LAW; TO

4    PROVIDE JUST PUNISHMENT FOR THE OFFENSE; TO AFFORD

5    ADEQUATE DETERRENCE TO CRIMINAL CONDUCT; TO PROTECT THE

6    PUBLIC FROM FURTHER CRIMES THAT YOU MIGHT COMMIT; TO

7    PROVIDE YOU WITH ANY NEEDED EDUCATIONAL OR VOCATIONAL

8    TRAINING, MEDICAL CARE OR OTHER CORRECTIONAL TREATMENT IN

9    THE MOST EFFECTIVE MANNER; THE KINDS OF SENTENCES

10   AVAILABLE; ANY PERTINENT POLICY STATEMENT ISSUED BY THE

11   SENTENCING COMMISSION; THE NEED TO AVOID UNWARRANTED

12   SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS

13   WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT; AND THE

14   NEED, IF ANY, TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE

15   OFFENSE.  DO YOU UNDERSTAND THAT THIS COURT WILL CONSIDER

16   ALL OF THESE STATUTORY FACTORS ALONG WITH YOUR ADVISORY

17   GUIDELINES RANGE BEFORE DECIDING ON AN APPROPRIATE

18   SENTENCE IN YOUR CASE?

19   A.    YES, SIR.

20   Q.    DO YOU ALSO UNDERSTAND THAT THE COURT WILL CONSIDER

21   ANY OTHER INFORMATION RELEVANT TO SENTENCING WHICH IS

22   CALLED TO THE COURT'S ATTENTION BY EITHER YOUR ATTORNEY OR

23   BY THE UNITED STATES ATTORNEY BEFORE DECIDING ON AN

24   APPROPRIATE SENTENCE?

25   A.    YES, SIR.

1    Q.    MR. CONERLY, VERY IMPORTANTLY, DO YOU ALSO

2    UNDERSTAND THAT EVEN AFTER IT'S BEEN DETERMINED WHAT

3    ADVISORY GUIDELINE SENTENCING RANGE APPLIES TO YOUR CASE,

4    THE COURT HAS THE AUTHORITY TO IMPOSE A SENTENCE THAT MAY

5    BE MORE SEVERE THAN THE SENTENCE CALLED FOR IN THE

6    ADVISORY GUIDELINES?

7    A.    YES, SIR.

8    Q.    IN OTHER WORDS, DO YOU UNDERSTAND THAT BECAUSE THE

9    GUIDELINES ARE NOT MANDATORY THE COURT IS NOT REQUIRED TO

10   SENTENCE WITHIN THAT GUIDELINE RANGE AND COULD POTENTIALLY

11   IMPOSE A MUCH MORE SEVERE SENTENCE?

12   A.    I HOPE YOU DON'T; BUT, YES, I DO UNDERSTAND.

13   Q.    ALL RIGHT.  I APPRECIATE THAT.  TO SAY THAT A LITTLE

14   BIT DIFFERENTLY TO YOU, MR. CONERLY, DO YOU UNDERSTAND

15   THAT YOU COULD IN FACT BE SENTENCED AND THE COURT HAS THE

16   AUTHORITY TO IMPOSE A SENTENCE OF LIFE IN THIS CASE?

17   A.    YES, SIR.

18   Q.    ALL RIGHT.  UNDERSTANDING THAT THE COURT COULD

19   IMPOSE THAT SENTENCE, DO YOU STILL WANT TO PLEAD GUILTY

20   HERE TODAY?

21   A.    YES, SIR.

22   Q.    DO YOU ALSO UNDERSTAND THAT UNDER SOME CIRCUMSTANCES

23   YOU, SUBJECT, OF COURSE, TO THESE WAIVERS YOU HAVE AGREED

24   TO IN THIS PLEA AGREEMENT, OR THE GOVERNMENT MAY HAVE THE

25   RIGHT TO APPEAL ANY SENTENCE THAT THE COURT DOES

1    ULTIMATELY IMPOSE?

2    A.    YES, SIR.

3         THE COURT: NOW, MS. PIERCE, I THINK YOU HAVE

4    ALREADY ANSWERED THIS QUESTION, BUT FOR THE RECORD HAVE

5    YOU MADE ANY REPRESENTATION TO MR. CONERLY AS TO WHAT

6    SENTENCE THE COURT MIGHT IMPOSE IN HIS CASE OTHER THAN TO

7    GIVE HIM AN ESTIMATE AS TO HIS ADVISORY GUIDELINES RANGE

8    AND TO DISCUSS WITH HIM THE 10 YEAR MANDATORY MINIMUM

9    SENTENCE REQUIRED BY STATUTE?

10         MS. PIERCE: NO, YOUR HONOR.

11         ONE OTHER THING THAT I DIDN'T MENTION BEFORE IS

12    CONSISTENT WITH MY PRACTICE I'VE GIVEN HIM A COPY OF THE

13    GUIDELINES AND ALSO THE SENTENCING CHART AND EXPLAINED TO

14    HIM HOW THAT WORKS. I DON'T, I DON'T THINK I MENTIONED

15    THAT BEFORE.

16         THE COURT: THANK YOU.

17    BY THE COURT:

18    Q.    NOW, MR. CONERLY, WE'VE ALREADY COVERED THIS A BIT,

19    BUT WITH RESPECT TO ANY ESTIMATE THAT MS. PIERCE MAY HAVE

20    GIVEN YOU AS TO YOUR ADVISORY GUIDELINES RANGE IN THIS

21    CASE, DO YOU UNDERSTAND THAT THAT IS SIMPLY AT THIS POINT

22    HER ESTIMATE OF THAT RANGE?

23    A.    YES.

24    Q.    AND DO YOU UNDERSTAND THAT THE COURT IS NOT BOUND BY

25    YOUR ATTORNEY'S ESTIMATE AS TO YOUR ADVISORY GUIDELINES

1   RANGE IN THIS CASE?

2   A.   YES, SIR.

3            THE COURT:  ALL RIGHT.  THE COURT HAS OBSERVED

4   THE APPEARANCE OF MR. CONERLY AND HIS RESPONSIVENESS TO

5   THE QUESTIONS ASKED.  BASED UPON THESE OBSERVATIONS AND

6   HIS ANSWERS TO THE COURT'S QUESTIONS, AS WELL AS THE

7   MENTAL HEALTH EVALUATION, THE COMPETENCY REPORT AND THE

8   SANITY REPORT PREVIOUSLY FILED BY THE FEDERAL BUREAU OF

9   PRISONS, AND MAGISTRATE JUDGE INMAN'S ORDER ENTERED ON

10  JULY 24, 2013 IN THE CASE, THE COURT FINDS THAT THE

11  DEFENDANT IS IN FULL POSSESSION OF HIS FACULTIES AND HE IS

12  COMPETENT TO PLEAD GUILTY; THAT HE IS NOT UNDER THE

13  APPARENT INFLUENCE OF NARCOTICS, OTHER DRUGS OR ALCOHOL;

14  THAT HE KNOWINGLY WAIVES HIS CONSTITUTIONAL RIGHTS TO

15  TRIAL AND THE OTHER RIGHTS ACCORDED TO PERSONS ACCUSED OF

16  A CRIME; THAT HE UNDERSTANDS THE NATURE OF THE CHARGE TO

17  WHICH THE PLEA IS OFFERED AND THE MAXIMUM PENALTY PROVIDED

18  BY LAW FOR THIS OFFENSE; AND THAT HE HAS OFFERED TO PLEAD

19  GUILTY KNOWINGLY AND VOLUNTARILY.

20            ACCORDINGLY, MR. CONERLY, YOUR PLEA OF GUILTY

21  WILL BE ACCEPTED, AND YOU ARE HEREBY ADJUDGED GUILTY OF

22  COUNT ONE OF THIS INDICTMENT WHICH CHARGES YOU WITH USING

23  A FACILITY OR MEANS OF INTERSTATE COMMERCE TO KNOWINGLY

24  PERSUADE, INDUCE, ENTICE, OR COERCE AN INDIVIDUAL WHO HAS

25  NOT ATTAINED THE AGE OF 18, TO ENGAGE IN SEXUAL ACTIVITY,

1    IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION

2    2422(B).

3              COUNSEL, HOW IS APRIL 9 AT 1:30 FOR SENTENCING?

4              MS. PIERCE:  THAT'S FINE.

5              THE COURT:  ALL RIGHT.  MR. CONERLY, I WILL

6    SCHEDULE A SENTENCING HEARING IN YOUR CASE FOR APRIL 9,

7    2014 AT 1:30 P.M.  I WILL ORDER THE PREPARATION OF THE

8    PRESENTENCE REPORT WE HAVE DISCUSSED.  A PROBATION OFFICER

9    WILL SEE YOU SHORTLY TO SCHEDULE AN INTERVIEW.

10             NOW, MR. CONERLY, IT APPEARS FROM THE RECORD IN

11   THIS CASE THAT YOU HAVE PREVIOUSLY BEEN ORDERED DETAINED

12   BY THE UNITED STATES MAGISTRATE JUDGE FOR REASONS SET OUT

13   IN HIS DETENTION ORDER.

14             ALTHOUGH I DIDN'T RESEARCH IT, I SUSPECT THAT

15   MR. CONERLY IS ALSO SUBJECT TO THE MANDATORY DETENTION

16   PROVISIONS OF FEDERAL LAW?

17             MS. SMITH:  YES, SIR.  THAT'S TRUE, YOUR

18   HONOR.

19             THE COURT:  IN ANY EVENT, MR. CONERLY, FOR THE

20   REASONS SET FORTH IN THE MAGISTRATE JUDGE'S ORDER AND THE

21   SERIOUSNESS OF THE OFFENSE FOR WHICH YOU'VE BEEN FOUND

22   GUILTY HERE, I WILL ORDER YOUR CONTINUED DETENTION IN THE

23   CUSTODY OF THE UNITED STATES MARSHAL PENDING FURTHER

24   PROCEEDINGS IN THE CASE, AND YOU WILL BE REMANDED TO THE

25   MARSHAL'S CUSTODY.

1             THE DEFENDANT:  OKAY.

2             THE COURT:  THANK YOU ALL VERY MUCH.

3             MS. SMITH:  THANK YOU, JUDGE.

4             THE COURT:  ALL RIGHT.

5             THE DEFENDANT:  MERRY CHRISTMAS.

6             THE COURT:  SAME TO YOU.

7         (PROCEEDINGS ARE CONCLUDED AT 9:07 A.M.)

8   I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

9   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

10

11
    KAREN J. BRADLEY/S                        05/07/18
12  SIGNATURE OF COURT REPORTER               DATE

13

14

15

16

17

18

19

20

21

22

23

24

25