UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| LUCAS JORDAN CONERLY, | ) |
| *Petitioner,* | ) |
| v. | ) Nos. 2:13-CR-15 |
| | ) 2:15-CV-182 |
| UNITED STATES OF AMERICA, | ) |
| *Respondent.* | ) |

MEMORANDUM OPINION AND ORDER

Pending before the Court is the motion of Lucas Jordan Conerly ("Conerly"), a federal inmate, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 [Doc. 52].[1] The Court The Court finds the materials thus submitted, together with the record of the underlying criminal case (2:13–CR–15), conclusively show Conerly is not entitled to relief on any of the claims asserted in his petition. Accordingly, the Court will decide this matter without an evidentiary hearing, see *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.1993), and will DENY Conerly's motion for the following reasons.

**I.  Procedural and Factual Background**

A federal grand jury indicted Conerly on February 12, 2013, charging him with coercing a minor into sexual activity in violation of 18 U.S.C. § 2422(b) [Doc. 13]. Conerly signed an amended plea agreement, agreeing to plead guilty to the Indictment [Doc. 39]. As a factual basis for his guilty plea, Conerly stipulated to the following facts:

  a) At all relevant times, the defendant resided in Sullivan County, in the Eastern District of Tennessee.
  b) Beginning in mid-October 2012 and continuing through January 9, 2013, the

---
[1]  All docket references are to the docket in No. 2:13-CR-15.

c)   defendant used means and facilities of interstate commerce including, but not limited to cellular telephones and internet-based social media outlets to contact an individual under the age of 18, in order to engage the minor in illegal sexual activity which is a crime under Tennessee law. The defendant engaged the minor in multiple conversations including text messages, telephone calls, and electronic mail communications.
c) During the foregoing conversations, the defendant induced, enticed, or persuaded, or attempted to induce, entice, or persuade a minor in illegal sexual activity.
d) On Saturday, January 19, 2013, the defendant drove from his home in Blountville, Sullivan County, Tennessee to a public location in Johnson City, Washington County, Tennessee, for the purpose of meeting and engaging an individual under the age of 18 in illegal sexual activity which is a crime under Tennessee [law]. At the time of the foregoing acts, the defendant believed that he was communicating with and meeting a person under the age of 18.
e) The foregoing acts occurred in the Eastern District of Tennessee.

[*Id.* at 2].

Conerly entered a plea of guilty on December 9, 2013. The PSR established a total offense level of 27 and a criminal history category of II, resulting in an advisory guideline range of 78 to 97 months imprisonment [Doc. 38]. However, because he faced a minimum mandatory term of imprisonment of 10 years, the guideline range was 120 months. On April 9, 2014, the Court imposed the minimum sentence, a 120 month term of imprisonment. Conerly did not appeal. A judgment was entered on April 22, 2014 [Doc. 49]. On July 2, 2015, Conerly timely filed this §2255 petition.

## II.   Standard of Review

This Court must vacate and set aside Petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack…" 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the fact of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the

2

movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the §2255 motion under Rule 4.

When a defendant files a §2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo,* 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a §2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 152 (1982).

## III. Analysis

Conerly first claims he received ineffective assistance of counsel because his counsel (1) failed to explain adequately all elements of the alleged crimes, (2) failed to adequately investigate and submit mitigation evidence, and (3) induced him to sign a plea [Doc. 52 at 4]. Second, Conerly

claims he was not competent to make decisions on his own behalf at the time of his plea [Doc. 52 at 5]. He claims that his plea was involuntary and unknowingly made. The Court will address each argument in turn.

A.     **Ineffective Assistance of Counsel**

   1.     **Failure to Explain Elements**

Conerly argues "counsel failed to adequately explain all elements of alleged committed crimes" [Doc. 52 at 4]. This claim is unequivocally contradicted by Conerly's sworn testimony during the change of plea hearing. The District Court advised Conerly that he was charged with "a violation of Title 18, United States Code, Section 2422, which prohibits the use of a means of interstate commerce to knowingly persuade, induce, entice or coerce any individual under the age of 18 to engage in any sexual activity for which you could be charged with a crime under state law." [Doc. 62 at 2].

The following colloquy then occurred between the Court and Conerly under oath:

> Q:   Have you read the indictment?
> A:   Yes, sir.
> Q.   Have you had sufficient time to discuss this case with your attorney?
> A.   Yes, sir.
> Q.   Have you told your lawyer everything you know about this case?
> A.   Yes, sir.
> Q.   Has your lawyer advised you as to the nature and meaning of the charge against you?
> A.   Yes, sir.
> Q.   Has your lawyer advised or explained to you the meaning of all words used in this indictment about which you had any question? In other words, if there were words in this indictment that you did not fully understand, has Ms. Pierce explained those to you?
> A.   Yes, sir.
> Q.   Has your attorney advised you as to each and every element of this offense which the government must prove beyond a reasonable doubt in order to obtain a conviction against you in this case?
> A.   Yes, sir.
> [The Court then read the indictment to Conerly].
> Q.   Do you understand that that's what you're charged with in this

4

indictment?
(Off-the-record discussion between the defendant and his attorney)
A. Yes, sir.
Q. Now, Mr. Conerly, before you could be convicted of that offense there are certain things the United States would have to prove at trial. There are certain elements of the offense, in other words, that the government would be required to prove at trial beyond a reasonable doubt. Do you understand that before you could be convicted of this offense the United States would be required to prove each of the following elements beyond a reasonable doubt: First, that you knowingly used a means of interstate commerce, that is cellular telephones and internet-based social media, to persuade, induce, entice or coerce or to attempt to persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity as charged in the indictment; and second, that you believed that such individual was less than 18 years of age; third, that if the sexual activity had occurred, you could have been charged with a criminal offense under the law of Tennessee; and fourth, that you acted knowingly and willfully. Do you understand the government would have to prove all those things beyond a reasonable doubt before you could be convicted of this offense?
(Off-the-record discussion between the defendant and his attorney)
A. Yes, sir.
Q. Ms. Pierce, have you discussed any possible defenses that might be available for this charge with Mr. Conerly?
Ms. Pierce: I have, your honor.
Q. Is that correct. Mr. Conerly?
A. Yes, sir.

[Doc. 62 at 5-10].

Conerly was fully informed by both his attorney and the District Court of the elements of the offense. Under oath, he acknowledged he understood the elements. Conerly's self-serving claims are insufficient to overcome the strong presumption of truth afforded his plea agreement and sworn testimony in open court. *See United States v. Owenby*, No. 2:12-CR-118, 2017 WL 951698, at *6 (E.D. Tenn. Mar. 9, 2017) (citing *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a [§ 2255] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction")). This claim has no merit.

### 2. Counsel Failed to Investigate Mitigating Evidence

Conerly next argues that his counsel failed to investigate and submit mitigating evidence on his behalf [Doc. 52 at 4]. Conerly does not refer to any specific evidence that he claims would mitigate whether he committed the crime as charged and to which he stipulated he committed or to otherwise mitigate his sentence. At the change of plea hearing, the Court asked Conerly's attorney whether she had discussed with Conerly "any possible defenses that might be available." [Doc. 62 at 9]. She advised that she had, and Conerly agreed that she had.

Conerly acknowledged in his plea agreement that he was facing a mandatory term of imprisonment of 10 years, which is exactly what the Court sentenced him to [Doc. 39 at 1]. Moreover, during the plea colloquy, the Court advised Conerly as follows:

> Q. And, very importantly, do you understand that federal law requires the Court to impose at least a 10 year mandatory minimum term of imprisonment in this case?
> A. Yes, sir.
> Q. Do you understand that absent a government motion for downward departure or some other extraordinary circumstance in this case, this court will not have any discretion to impose any sentence less than that 10 year mandatory minimum?
> (Off-the-record discussion between the defendant and his attorney)
> A. Yes, sir.

[Doc. 62 at 18]. The Court ultimately sentenced Conerly to the only sentence it could, that is, the minimum mandatory term of imprisonment of 10 years. Conerly has failed to identify any grounds on which the Court could have even considered sentencing him to something less than that mandated by the statute in this case. This issue is without merit.

### 3. Conerly's claim that Counsel induced him to sign the plea

Conerly next argues that "counsel induced me to sign plea" [Doc. 52 at 4]. While "no procedural device for the taking of guilty pleas is so perfect in design and exercise as to warrant a

*per se* rule rendering it 'uniformly invulnerable to subsequent challenge,'" *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)), "representations of the [petitioner], his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding." *Id*. at 74. Thus, it is said "[s]olemn declarations in open court carry a strong presumption of verity" and justify summary dismissal of any challenge based on conclusory assertions or contentions incredible on the face of the record. *Id.*

Conerly's claim that counsel "induced" him to sign the plea agreement is contradicted by his sworn statement during the plea colloquy that no one put any pressure, either mental or physical, on him to force him to plead guilty [Doc. 62 at 13-14]. Again, the Court turns to the colloquy between the Court and Conerly:

> Q. Has any person, including an officer or agent of the government, put any pressure on you mentally or physically to force you to plead guilty in this case? In other words, Mr. Conerly, is it your free and voluntary decision to plead guilty in this case?
> A. I felt somewhat intimidated under the circumstances, but I feel that I'm making the best rash decision that I can.
> Q. All right. Has your decision been free of any kind of force or threats, either mental or physical, by any other person?
> A. No, sir.
> Q. It's not. Has somebody threatened you?
> A. No, sir.
> Q. Has anybody forced you to enter this guilty plea?
> A. No, sir.
> Q. Then, again, based on all the circumstances, is it your free and voluntary decision to enter this guilty plea?
> A. Yes, sir.

[Doc. 62 at 13]. Again, under oath, Conerly acknowledged that no one forced or induced him to enter the plea against his will. The decision to plead guilty was a product of his free and voluntary decision. While, during the colloquy, Conerly expressed that he felt "somewhat intimidated," he was clear that the decision to plead guilty was free and voluntary. His argument now to the

7

contrary is without merit.

**B.    Conerly's Claim that he was incompetent at time of entry of plea**

Conerly claims that at the time of his plea he "was not competent to make decisions of such importance. Due to not being competent, my plea was involuntary and unknowingly [made]" [Doc. 52 at 5]. As before, Conerly's own prior sworn testimony undercuts his argument here.

The Court inquired into Conerly's competence at the time of the entry of his plea.

> Q. Are you now currently being treated for any kind of mental illness?
> A. Yes, sir. I am.
> Q. All right, and what treatment are you receiving?
> A. I am receiving a 1 milligram of Risperdal pill once a day and a 500 milligram Depakote pill once a day.
> Q. All right.
> A. Both [in] the evening.
> Q. All right. And have you been receiving those on the schedule that you were supposed to receive them?
> A. Yes, sir.
> Q. And have you taken them as prescribed?
> A. Yes, sir. As always.
> …
> Q. Is there anything this morning about your mental or physical condition which would make it difficult for you to understand these proceedings, to think clearly or to make good decisions about your case?
> A. No, I feel very competent.
> Q. All right. Have you taken any drugs, medicine, pills or alcoholic beverage of any kind in the last 24 hours other than these two medications you just told me about?
> A. No, sir.
> Q. Are you experiencing any side effects as the result of taking those medications which would interfere in any way with your ability to understand these proceedings or to think clearly here today?
> A. No, sir.
> Q. And do you in fact understand what's happening here this morning?
> A. Yes, sir.

[Doc. 62 at 4-5]. Conerly does not elaborate at all on the grounds he contends support his argument that he was incompetent at the time he entered this plea.

Conerly claims he was incompetent when he appeared before the Court to enter his plea. "[T]he bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)). In this case, the Court had before it the Forensic Report completed by the Bureau of Prisons which concluded that "Mr. Conerly is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus, in the opinion of the examiner, Mr. Conerly is currently competent to stand trial." [Doc. 24 at 12]. The Court then conducted a competency hearing and found Conerly competent [Doc. 26]. The issue of Conerly's competence was thoroughly addressed by the district court prior to accepting Conerly's plea.

Not only did the Court have Conerly examined forensically, it also questioned Conerly during the Rule 11 colloquy. Conerly's petition, with its contradictory assertions, are insufficient to overcome the presumed veracity of his solemn statements during the Rule 11 colloquy. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (finding the defendant bound by statements he made in response to the court's plea colloquy), and *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (finding the petitioner bound to plea colloquy responses despite some evidence that contradicted statements made therein).

A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently. *United States v. Pitts*, No. 16-2787, 2017 WL 2820944, at *2 (6th Cir. Apr. 28, 2017) (citing *Bousley v. United States*, 523 U.S. 614, 618 (1998); *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007)). In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that 'the

Conerly claims he was incompetent when he appeared before the Court to enter his plea. "[T]he bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)). In this case, the Court had before it the Forensic Report completed by the Bureau of Prisons which concluded that "Mr. Conerly is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus, in the opinion of the examiner, Mr. Conerly is currently competent to stand trial." [Doc. 24 at 12]. The Court then conducted a competency hearing and found Conerly competent [Doc. 26]. The issue of Conerly's competence was thoroughly addressed by the district court prior to accepting Conerly's plea.

Not only did the Court have Conerly examined forensically, it also questioned Conerly during the Rule 11 colloquy. Conerly's petition, with its contradictory assertions, are insufficient to overcome the presumed veracity of his solemn statements during the Rule 11 colloquy. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (finding the defendant bound by statements he made in response to the court's plea colloquy), and *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (finding the petitioner bound to plea colloquy responses despite some evidence that contradicted statements made therein).

A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently. *United States v. Pitts*, No. 16-2787, 2017 WL 2820944, at *2 (6th Cir. Apr. 28, 2017) (citing *Bousley v. United States*, 523 U.S. 614, 618 (1998); *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007)). In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that 'the

defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.'" *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007) (quoting *United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005)). That is exactly what occurred in this case. The District Court accepted Conerly's plea only after assuring itself that he was entering his plea freely, voluntarily and on his own free will. This issue is without merit.

## IV. Conclusion

For the reasons set forth above, the Court finds Conerly's conviction and sentencing were not in violation of the Constitution or laws of the United States. None of the grounds asserted by Conerly supports finding his counsel was ineffective. Moreover, the Court finds that Conerly's plea was voluntary and knowingly made and his sentence was not in violation of the Constitution or laws of the United States or otherwise subject to collateral attack. Accordingly, his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 52] will be **DENIED** and his petition **DISMISSED**.

In addition to the above, this Court **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253; Fed. R. App. P. 22(b), or that reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability **SHALL NOT ISSUE**. *Slack v. McDaniel*, 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

An Order shall enter.

s/J. Ronnie Greer
United States District Judge